# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE B. ROWE,<br><br>            Plaintiff,<br><br>       v.<br><br>GARY REEVES, et al.,<br><br>            Defendants. | Case No. 1:05-mc-00052-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(Doc. 4) |

## I.  INTRODUCTION

This case arises out of the registration of a judgment entered by the U.S. District Court for the Northern District of Texas on November 16, 2005, awarding Plaintiff $525,000 against the Defendants Gary Reeves, Victor Noval, Joseph Medawar, StarBrand Holdings, Corp, Calleo Gourmet Coffees, Inc., Ken Johnson, and Sweet Lorraine Productions, Inc. (collectively "Defendants"). (Doc. 1.) The court also awarded pre-judgment and post-judgment interest. (Doc. 1.) This judgment was registered in this district for purposes of enforcement on November 28, 2005.

On March 17, 2015, Mr. Brett Curlee, Plaintiff's counsel of record, filed a Motion to Withdraw as Attorney for Plaintiff Kyle B. Rowe, asserting that Plaintiff was unable to pay the fees and costs associated with seeking enforcement of the judgment and Mr. Curlee has been unable to communicate with Plaintiff, making it unreasonably difficult for Mr. Curelee to represent Plaintiff effectively. (Doc. 4.)   The Court issued a minute order permitting Plaintiff to file an opposition to his counsel's motion by no later than April 15, 2015. (Doc. 6.)  This order was served on Plaintiff by Mr. Curlee. (Doc. 7.) Plaintiff did not file any opposition to Mr. Curlee's motion, and the hearing set for April 29, 2015, was vacated and the motion was taken under submission. (Doc. 8.)  For the reasons set forth below, Mr. Curlee's Motion to Withdraw is GRANTED.

## II.   DISCUSSION

Local Rule 182(d) provides specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client in propria persona, and states:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Mr. Curlee filed a declaration in support of his motion indicating that, " [t]he attorney-client relationship has broken down.  Matters have reached a point where I have determined that [Plaintiff] and I are no longer effectively communicating, and that it has become unreasonably difficult for me to continue this representation effectively as a result of both the lack of communication, and my inability to communicate effectively with [Plaintiff] when he does respond to my requests that he communicate with me."  (Doc. 4, p. 9, ¶ 3.)  Mr. Curlee's declaration indicates he served a copy of his motion on Plaintiff via first class U.S. Mail Postage Prepaid at the following address: "c/o Parabolic, 100 Crescent Court, Suite 700, Dallas, Texas 75240." Mr. Curlee also emailed Plaintiff a copy of the motion. (Doc. 4, p. 10, ¶ 11.)

The California Rules of Professional Conduct ("CRPC"), Rule No. 3-700(C)(1)(d) provides that an attorney may request permission to withdraw when the client engages in conduct that "renders it unreasonably difficult for [counsel] to carry out the employment effectively." CRPC Rule No. 3-700(C)(1)(f) also allows an attorney to seek withdrawal where the client's inability to pay fees and costs constitutes a breach of a retainer agreement with his counsel. Rule No. 3-700(A)(2) further provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules."

Here, Mr. Curlee indicates that Plaintiff's failure to communicate with him has made it unreasonably difficult for counsel to effectively carry out his representation of Plaintiff. (Doc. 4, p. 9, ¶ 3.) Plaintiff is also unable to pay for fees and costs associated with seeking enforcement of the judgment. Pursuant to the California Rules of Professional Conduct, this constitutes a permissible basis for Mr. Curlee to seek withdrawal as counsel. *See* CRPC No 3-700(C)(1)(d), (f).

There are no upcoming deadlines in this action because this case was instituted solely for purpose of enforcing the 2005 judgment issued by the U.S. District Court for the Northern District of Texas. Therefore, Plaintiff will not be prejudiced by Mr. Curlee's withdrawal as his attorney. Accordingly, Mr. Curlee's Motion to Withdraw as Attorney of Record for Plaintiff is GRANTED.

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Mr. Curlee's Motion to Withdraw as counsel is GRANTED;
2. The Clerk of the Court is ORDERED to update the docket to reflect Mr. Curlee has been terminated as Plaintiff's counsel; and
3. The Clerk of the Court is DIRECTED to serve a copy of this order via the United States Postal Service on Plaintiff at the following last known address:

///

///

///

3

Kyle B. Rowe, aka Marvin Rowe
c/o Parabolic
100 Crescent Court
Suite 700
Dallas, Texas 75240

IT IS SO ORDERED.

Dated:   **April 27, 2015**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE